IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAVID G. EBERSOLE,        :
                             :
               Plaintiff   :    Civil No. 4:06-CV-1368
                             :
        v.              :
                             :    Judge Jones
PENNSYLVANIA DEPARTMENT  :
of CORRECTIONS, et. al,       :
                 Defendants  :

## MEMORANDUM AND ORDER

### April 11, 2007

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before the Court are Defendants' Motion to Dismiss Plaintiff's Complaint or Motion for a More Definite Statement (doc. 14) filed on October 16, 2006 and Corrections Defendants' Motion to Dismiss Plaintiff's First Supplemental Complaint or Motion for a More Definite Statement (doc. 33) filed on February 27, 2007.

For the following reasons, the Motions shall be granted in part only to the extent that the Defendant Pennsylvania Department of Corrections shall be dismissed as a party due to Eleventh Amendment immunity.  All other claims against the individually named Defendants shall be permitted to proceed.

**<u>PROCEDURAL HISTORY</u>**:

*Pro se* Plaintiff David G. Ebersole ("Plaintiff" or "Ebersole") commenced the instant action by filing a complaint (doc. 1) with this Court on July 12, 2006 against various Defendants associated with the Pennsylvania Department of Corrections ("DOC").  Following service associated with the complaint, the Defendants filed the Motion to Dismiss.

On February 12, 2007, we granted Plaintiff leave to file a supplemental complaint, which named various Defendants of the Pennsylvania Bureau of Probation and Parole.  Thereafter, on February 27, 2007, the newly named Defendants filed a Motion to Dismiss.

The Motions have been fully briefed by the parties and are therefore ripe for our review.

**STANDARD OF REVIEW**:

In considering a motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6), a court must accept the veracity of a plaintiff's allegations.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also White v. Napoleon, 897 F.2d 103, 106 (3d Cir. 1990).  In Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996), our Court of Appeals for the Third Circuit added that in considering a motion to dismiss based on a failure to state a claim argument, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their

claims."  Furthermore, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957); <u>see also</u> <u>District Council 47 v. Bradley</u>, 795 F.2d3 310 (3d Cir. 1986).

## FACTUAL BACKGROUND:

Ebersole is presently an inmate in the custody of the DOC at the State Correctional Institution at Dallas (SCI-Dallas).  Plaintiff had formerly been granted pre-release status in December 2005 and was transferred to the Harrisburg Community Correction Center.  In late March, 2006, while still on pre-release, Plaintiff was observed with a former-DOC employee who was under investigation by the DOC.  Upon this observation by DOC investigators, Plaintiff was confronted and returned to the State Correctional Institution at Camp Hill.

Upon his return to full custody, Plaintiff filed numerous grievances with prison staff.  The general theme that ran throughout the grievances was essentially that his return to custody was a retaliatory action taken against him by the DOC in response to his association with the former-DOC employee as well as his pending civil litigation against various defendants related to the DOC that presently pends before this Court at docket number 4:01-cv-1924.

3

This action arises out of Plaintiff's return to full custody as well as the unfavorable and retaliatory treatment he allegedly was subjected to upon his return. Furthermore, the supplemental complaint alleges that his minimum and maximum dates were altered by various Defendants after his return to full custody.

**DISCUSSION**:

The Defendants argue that Plaintiff can plead no set of facts to support his claims of civil conspiracy or violations of his constitutional rights pursuant to 42 U.S.C. § 1983.

### A.      Civil Conspiracy

As noted by the Defendants, to establish a *prima facie* case of civil conspiracy, Plaintiff must allege that "(1) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose; (2) an overt act done in pursuance of the common purpose; and (3) actual legal damage." McKeeman v. Corestates Bank, N.A., 2000 Pa. Super. 117, 751 A.2d 655, 660 (Pa. Super. 2000). "[A]llegations of conspiracy are insufficient to state a cause of action where the complaint fails to allege facts constituting the conspiracy, its object and accomplishment." Tumi, Inc. v. Excel Corp.., 2005 U.S. Dist. LEXIS 16027 (D.N.J. 2005)(citing Black & Yates, Inc. v. Mahogany Asso., 129 F.2d 227, 231

(3d Cir. 1942)).

Plaintiff alleges that the Defendants engaged in retaliatory actions between March and April 2006 due to the civil action pending before this Court.  Plaintiff alleges that he was re-incarcerated and subjected to adverse treatment in furtherance of the conspiracy to retaliate against him.  Plaintiff also alleges that the Defendants named in the supplemental complaint changed the minimum and maximum dates that Plaintiff is required to serve in furtherance of the conspiracy to retaliate against him.   We cannot find, at this early stage of litigation that Plaintiff has failed to allege facts sufficient to withstand the Fed. R. Civ. P. 12(b)(6) standard with respect to his conspiracy claims.

**B.**      **Constitutional Claims**

Defendants argue that Plaintiff has failed to allege that any of the Defendants were personally involved, had actual knowledge of, or acquiesced in the commission of a wrong against him.  Rizzo v. Goode, 423 U.S. 362 (1972).  As noted by the Defendants, liability can only be imposed upon an individual if that person played an "affirmative part" in the complained of misconduct.  Chincello v. Fenton, 805 F.2d 126, 133 (3d Cir. 1986).  To impose liablity upon a supervisory official, there must be "both (1) contemporaneous knowledge of the offending incident or knowledge of a prior pattern of similar incidents, and (2) circumstances

under which the supervisor's assertion could be found to have communicated a message of approval to the offending subordinate." Colburn v. Upper Darby Twonship, 838 F.2d 663, 673 (3d Cir. 1988), cert. denied, 489 U.S. 1065 (1989).

Defendants argue that the Plaintiff has not alleged personal involvement of various of the Defendants in order for his claims to survive.  In response, Plaintiff argues that he has alleged that the Defendants were personally involved and moreover that they individually were on notice of his claims of retaliation.  Our review of the complaint and supplemental complaint reveals that the Plaintiff does plead, in excruciating detail, factual averments of personal involvement of the Defendants.  Accordingly, we shall not dismiss the Plaintiff's constitutional claims.

### C.    Sovereign Immunity

Defendants argue that the Department of Corrections should be dismissed as a Defendant based upon Eleventh Amendment immunity.  The Eleventh Amendment provides that "the Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XII.  Thus, under the Eleventh Amendment, absent express consent by the state in question or a clear and unequivocal waiver by Congress, states are immune from suit in federal court. See

Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54 (1996).

It is well-settled that the DOC is an arm or agency of the Commonwealth.

Bey v. Pa. Dep't of Corrections, 98 F. Supp. 2d 650, 657 (E.D.Pa. 2000)(citing

Weston v. Commonwealth of Pa. Dep't of Corrections, 1998 U.S. Dist. LEXIS

15508 (E.D. Pa. Sept. 29, 1998)).   Moreover, the Supreme Court of the United

States has held that states may not be sued in federal court under §1983 for either

damages or injunctive relief because a state is not a "person" for §1983 purposes.

See Will v. Michigan Dep't of State Police, 491 U.S. 58, 64-71 (1989); see also,

Abdul-Akbar v.Watson, 4 F.3d 195, 197 n.2 (3d Cir. 1993).   Accordingly, a suit

against the DOC brought in federal court is a suit against the Commonwealth and

is therefore barred by the Eleventh Amendment, see Bey, 98 F. Supp. 2d at 657.

We shall therefore dismiss the Pennsylvania Department of Corrections as a

Defendant to this action.

The Defendants also argue that the individual Defendants are immune from

suit pursuant to the Eleventh Amendment.  The Eleventh Amendment immunizes

state officials acting in their official capacities from monetary damages.  Hunter v.

Commonwealth of Pennsylvania Dep't of Corrections, 42 F. Supp. 2d 542, 547

(E.D. Pa. 1999).  While this may be so, the Plaintiff has alleged §1983 claims

against the individual Defendants in their *individual* capacities and for the

7

aforestated reasons, those claims shall be permitted to proceed.  We shall therefore not dismiss the individually named Defendants at this juncture.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.  Defendants' Motion to Dismiss Plaintiff's Complaint or Motion for a More Definite Statement (doc. 14) is GRANTED in part to the following extent only:

    a.  This action is DISMISSED as against Defendant Pennsylvania Department of Corrections pursuant to Eleventh Amendment immunity.

    b.  The Clerk shall terminate the Defendant Pennsylvania Department of Corrections as a party to this action.

2.  Defendants' Motion to Dismiss Plaintiff's Complaint or Motion for a More Definite Statement (doc. 14) is DENIED in all other respects.

2.  Corrections Defendants' Motion to Dismiss Plaintiff's First Supplemental Complaint or Motion for a More Definite Statement (doc. 33) is DENIED.

s/ John E. Jones III
John E. Jones III
United States District Judge
