IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAVID G. EBERSOLE,              :
                                :
            Plaintiff           :   Civil No. 4:06-CV-1368
                                :
        v.                      :
                                :   Judge Jones
PENNSYLVANIA DEPARTMENT         :
of CORRECTIONS, et. al,         :
            Defendants          :

## MEMORANDUM AND ORDER

### August 13, 2007

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before the Court is Defendants' Motion to Dismiss Supplemental Complaint ("the Motion")(doc. 46) filed on April 27, 2007 by Defendants James Curry, Mr. Harrell and Tracy Starzynski.

For the following reasons, the Motion shall be granted.

**PROCEDURAL HISTORY**:

*Pro se* Plaintiff David G. Ebersole ("Plaintiff" or "Ebersole") commenced the instant action by filing a complaint (doc. 1) with this Court on July 12, 2006 against various Defendants associated with the Pennsylvania Department of Corrections ("DOC").  Following service associated with the complaint, the Defendants filed a Motion to Dismiss.

On February 12, 2007, we granted Plaintiff leave to file a supplemental complaint, which named various Defendants of the Pennsylvania Bureau of Probation and Parole. Thereafter, on February 27, 2007, the newly named Defendants filed a Motion to Dismiss.

On April 11, 2007, we issued a Memorandum and Order dismissing the Department of Corrections as a Defendant to this action based upon Eleventh Amendment immunity. We permitted Plaintiff's claims against the remaining individual Defendants to proceed.

On April 27, 2007, Defendants Curry, Harrell and Starzynski filed the pending Motion. The Motion has been fully briefed and is therefore ripe for our review.

**STANDARD OF REVIEW**:

In considering a motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6), a court must accept the veracity of a plaintiff's allegations. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also White v. Napoleon, 897 F.2d 103, 106 (3d Cir. 1990). In Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996), our Court of Appeals for the Third Circuit added that in considering a motion to dismiss based on a failure to state a claim argument, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their

claims."  Furthermore, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957); <u>see also</u> <u>District Council 47 v. Bradley</u>, 795 F.2d3 310 (3d Cir. 1986).

**<u>FACTUAL BACKGROUND</u>**:

Ebersole is presently an inmate in the custody of the DOC at the State Correctional Institution at Dallas (SCI-Dallas).  Plaintiff had formerly been granted pre-release status in December 2005 and was transferred to the Harrisburg Community Correction Center.  In late March, 2006, while still on pre-release, Plaintiff was observed with a former-DOC employee who was under investigation by the DOC.  Upon this observation by DOC investigators, Plaintiff was confronted and returned to the State Correctional Institution at Camp Hill.

Upon his return to full custody, Plaintiff filed numerous grievances with prison staff.  The general theme that ran throughout the grievances was essentially that his return to custody was a retaliatory action taken against him by the DOC in response to his association with the former-DOC employee as well as his pending civil litigation against various defendants related to the DOC that presently pends before this Court at docket number 4:01-cv-1924.

This action arises out of Plaintiff's return to full custody as well as the unfavorable and retaliatory treatment he allegedly was subjected to upon his return. Furthermore, the supplemental complaint alleges that his minimum and maximum dates were altered by various Defendants after his return to full custody.

Defendants Curry, Harrell and Starzynski are employees of the Pennsylvania Board of Probation and Parole ("Board"). Plaintiff alleges that he met with Curry on August 8, 2006 to prepare a parole packet for release on his minimum. Thereafter, on August 31, 2006, Plaintiff wrote to Curry asking when he would be interviewed for parole, inquiring as to the status of his home plan investigation, and stating that his minimum and maximum sentences were incorrectly calculated. On September 1, 2006, Starzynski wrote back to Plaintiff stating that he would be interviewed for parole in September, that he would be advised of the results of his home plan investigation via memo, and that his sentence calculation concerns must be directed to the Department of Corrections Records Department. Thereafter, on September 11, 2006, Starzynski advised Plaintiff that his home plan was approved.

Plaintiff alleges that two Parole Board members interviewed him on October 10, 2006, told him he would receive a green sheet in six to eight weeks, and apologized for delays caused on the prison's part. Thereafter, on November 16,

2006, the Board recorded a decision that stated:

> TAKE NO ACTION AT THIS TIME DUE TO AGGREGATION OF NEW SENTENCES, AND NOW: PROCESS FOR INTERVIEW WHEN ELIGIBLE ON NEWLY ESTABLISHED MINIMUM.

Plaintiff alleges that he waited for a decision until November 23, 2006, at which point he wrote to Harrell, telling him that he had been told his minimum date was changed to July 28, 2007 and that he was not eligible for parole. In response, "S. Wilson" wrote to Plaintiff on November 30, 2006:

> Your minimum date has changed to 7/28/07 - you are not eligible for parole now. We notified the Board of this and subsequently they will not make a decision in your case. You will be interviewed again when you are eligible (approx. 3 to 4 months prior to your new minimum date). Any issues with your sentence needs to be addressed to the Records Dept.

Plaintiff's general allegation is that his sentence was altered in retaliation for Plaintiff's 2001 civil action pending in this case. He essentially alleges that the Defendants in the original case conspired with the Defendants in the instant case to prevent him from being released, because they feared if he was released he would be able to prove his cause of action in the first litigation.

**DISCUSSION**:

It is well-established that it is the Department of Corrections that is "responsible for calculating the minimum and maximum terms of prisoners committed to its jurisdiction." <u>Nickson v. Pa. Bd. of Prob. & Parole</u>, 800 A.2d, 21,

24 (Pa. Cmwlth. 2005). "This right and responsibility is exclusive to the Department of Corrections." Id.

To establish a *prima facie* case of civil conspiracy, Plaintiff must allege that "(1) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose; (2) an overt act done in pursuance of the common purpose; and (3) actual legal damage." McKeeman v. Corestates Bank, N.A., 2000 Pa. Super. 117, 751 A.2d 655, 660 (Pa. Super. 2000). "[A]llegations of conspiracy are insufficient to state a cause of action where the complaint fails to allege facts constituting the conspiracy, its object and accomplishment." Tumi, Inc. v. Excel Corp., 2005 U.S. Dist. LEXIS 16027 (D.N.J. 2005)(citing Black & Yates, Inc. v. Mahogany Asso., 129 F.2d 227, 231 (3d Cir. 1942)).

As a predicate to a finding of liability, Plaintiff must establish that a defendant was personally involved, had actual knowledge of, or acquiesced in the commission of a wrong against him. Rizzo v. Goode, 423 U.S. 362 (1972). Liability can only be imposed upon an individual if that person played an "affirmative part" in the complained of misconduct. Chincello v. Fenton, 805 F.2d 126, 133 (3d Cir. 1986).

While it may be true that Plaintiff complained to Curry, Harrell and Starzynski about the allegedly improper recalculation of his parole dates, as members of the Board of Probation and Parole, they were simply not responsible for the calculation of those dates. Curry, Harrell, and Starzynski did not participate in any wrongdoing by adhering to the new dates given to them by the Department of Corrections and adjusting their dealings with Plaintiff accordingly. Because Curry, Harrell, and Starzynski were not involved in the recalculation of Plaintiff's sentence, they had no personal involvement in the alleged wrong Plaintiff complains of in this litigation.

Accordingly, because Plaintiff has not established a *prima facie* case against Curry, Harrell and Starzynski, the Motion shall be granted. It should be noted that Plaintiff's supplemental complaint against various Department of Corrections officials was *not* dismissed, and therefore his allegations regarding the impropriety of his recalculated sentence still survive, despite the dismissal of Curry, Harrell and Starzynski from this action.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**:

1. The Motion to Dismiss Supplemental Complaint (doc. 46) is GRANTED.

2. This action is DISMISSED as against Defendants Curry, Harrell and

Starzynski.

3. The Clerk shall terminate Curry, Harrell and Starzynski as parties to this action.

<u>s/John E. Jones III</u>
John E. Jones III
United States District Judge
